IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAPA TRANSPORTATION, INC.,** | : | **CIVIL ACTION NO. 1:06-CV-1866** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **TRAVELERS PROPERTY CASUALTY,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Presently before the court is a motion by defendant Travelers Property Casualty ("Travelers") to dismiss the complaint of plaintiff NAPA Transportation, Inc. ("NAPA"), alleging breach of contract. For the reasons that follow, the motion will be granted.

**I.   Statement of Facts**[1]

On January 17, 2004, NAPA, a trucking company, accepted for delivery a trailer load of Hershey's Chocolate Kisses worth $112,608.00. (Doc. 1, Ex. 5 ¶¶ 3, 5.) The chocolates never reached their intended destination; Thomas Houser, the truck driver, stole the chocolates and subsequently sold them to a country market for approximately $30,000. (Doc. 1, Ex. 5 ¶ 7.)

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

NAPA discovered the loss on January 19, 2004.  (Doc. 1, Ex. 5 at 49.)  On January 22, 2004, NAPA reported the loss to its insurance company, Travelers.  (Doc. 1, Ex. 5 ¶ 14.)  Travelers denied NAPA's claim for loss on April 28, 2004.  (Doc. 1, Ex. 7 at 50.)  The insurance policy at issue contains a suit limitation clause, which provides, in relevant part, that "[n]o one may bring a legal action against [Travelers] under this Coverage Part unless . . . The action is brought within 2 years after [NAPA] first [had] knowledge of the 'loss.'" (Doc. 1, Ex. 5 at 40.)

NAPA filed a complaint in the Court of Common Pleas of Cumberland County on August 31, 2006[2] alleging that Travelers breached the insurance contract.  (Doc. 1, Ex. 5.)  On September 22, 2006, Travelers removed the case to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Doc. 1, Ex. 1.)  Travelers filed the instant motion to dismiss (Doc. 3), arguing that NAPA's suit is time-barred by the suit limitation clause contained in the insurance policy.

It is undisputed that NAPA filed suit beyond the two-year suit limitation period in the insurance policy.  Nevertheless, NAPA argues that the suit limitation clause is unenforceable because it was not negotiated between the parties.  (See Doc. 6 at 4.)  Alternatively, NAPA contends that it should be held to the standard four-year breach of contract statute of limitations rather than the shortened two-year period in the suit limitation clause because Travelers failed to show that it was

---

[2] A writ of summons was filed by NAPA against Travelers on June 28, 2006.  (Doc. 1, Ex. 2).

prejudiced by the delay in the commencement of this action. (See Doc. 6 at 6.) The motion to dismiss has been fully briefed and is ripe for disposition.[3]

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S.

---

[3] Plaintiff filed a motion (Doc. 8) requesting oral argument on the motion to dismiss. The briefs submitted enable the court to resolve the motion to dismiss without oral argument. Therefore, the court will deny plaintiff's motion.

3

41, 45-46 (1957). Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

Under Pennsylvania law,[4] breach of contract claims are generally subject to a four-year statute of limitations. See 42 PA. CONS. STAT. ANN. § 5525. Nevertheless, the Pennsylvania Supreme Court has expressly approved contractual limitations on the time within which a suit may be filed. See Delosky v. Penn State Geisinger Health Plan, No. 4:00-cv-01066, 2002 U.S. Dist. LEXIS 17188, at *18 (M.D. Pa. Apr. 23, 2002) (citing Lardas v. Underwriters Ins. Co., 231 A.2d 740, 741-42 (Pa. 1967)). Suit limitation clauses are valid and enforceable so long as they are reasonable and the insurer did not cause the insured's failure to comply with the clause. See Hosp. Support Servs., Ltd. v. Kemper Group, Inc., 889 F.2d 1311, 1315 (3d Cir. 1989).

---

[4] Jurisdiction over the instant action is based on diversity of citizenship, see 28 U.S.C. § 1332, and neither party disputes the applicability of Pennsylvania law, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938). See Compagnie des Bauxites de Guinee v. Argonaut-Midwest Ins. Co., 880 F.2d 685, 688-89 (3d Cir. 1989).

In the matter *sub judice*, NAPA does not allege that Travelers caused or induced it to commence suit after the suit limitation period. See Hollingsworth v. State Farm Fire & Cas. Co., No. Civ.A 04-3733, 2005 WL 563414, at *4-5 (E.D. Pa. Mar. 9, 2005) (citing Esbrandt v. Provident Life & Accident Ins. Co., 559 F. Supp. 23, 25 (E.D. Pa. 1983)). Thus, the suit limitation clause is valid and enforceable unless it is "manifestly unreasonable." See 42 PA. CONS. STAT. ANN. § 5501(a) (providing that contractual limitations of suit provisions, which are shorter than the applicable statute of limitations, are valid so long as they are "not manifestly unreasonable"); Hosp. Support Servs., 889 F.2d at 1315; Marshall v. Aetna Cas. & Sur. Co., 643 F.2d 151, 152 (3d Cir. 1981). The clause at issue is straightforward. There are no provisions which could be considered unusual or deceptive. And the limitation period is not unduly short. Accordingly, the court finds that the two-year suit limitation clause at issue is reasonable and enforceable. See, e.g., Caln Vill. Assoc. v. Home Ind. Co., 75 F. Supp. 2d 404, 409-10 (E.D. Pa. 1999) (concluding that a two-year suit limitation clause in a shopping center owner's insurance policy was "not manifestly unreasonable"); McElhiney v. Allstate Ins. Co., 33 F. Supp. 2d 405, 406 (E.D. Pa. 1999) (stating that one-year suit limitation provisions satisfy "reasonableness" test); Lardas, 231 A.2d at 741-42 (holding that a one-year suit limitation clause in a fire insurance policy was valid and reasonable).

NAPA's argument that the suit limitations clause is invalid because it was not negotiated is unpersuasive. Despite the inherent non-negotiable nature of provisions in insurance policies, see Schreiber v. Pa. Lumberman's Mutual Ins. Co.,

5

444 A.2d 647, 648-49 (Pa. 1982) (citing Brakeman v. Potomac Ins. Co., 371 A.2d 193, 196 (Pa. 1977)), courts applying Pennsylvania law have routinely upheld suit limitation provisions in such policies.  See, e.g., Hosp. Support Servs., 889 F.2d at 1317; Caln Vill. Assoc., 75 F. Supp. 2d at 409-10.  NAPA has not alleged that the insurance policy between NAPA and Travelers was unconscionable as a unilateral contract of adhesion.[5]  The language of the suit limitation clause is clear and unambiguous, and the court is required to give effect to its plain meaning.  See Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1309 (3d Cir. 1994); see also Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983).  Accordingly, the court will grant Traveler's motion to dismiss.[6]

---

[5] For a contract to be considered one of adhesion, a plaintiff must show both a lack of a meaningful choice about whether to accept the provision in question, and that the disputed provisions were so one-sided as to be oppressive.  See Stebok v. Am. Gen. Life & Accident Ins., 715 F. Supp. 711, 714 (W.D. Pa. 2003).  Even assuming, *arguendo*, that NAPA lacked a meaningful choice about whether to accept the suit limitation clause, the court finds that the provision is not so one-sided as to be oppressive.

[6] Citing Brakeman v. Potomac Insurance Co., 371 A.2d 193 (Pa. 1977), NAPA also argues that Travelers is required to show that it was prejudiced by the delay in the commencement of this suit.  This argument is without merit.  In Brakeman, the Pennsylvania Supreme Court held that a showing of prejudice is required before an insurer can deny coverage based upon the insured's failure to comply with a notice provision requiring written notice of an accident "as soon as practicable."  371 A.2d at 195.  Brakeman's holding, however, only applies to *notice* provisions.  See Hosp. Support Servs., 889 F.2d at 1313.  The Third Circuit declined to extend the Brakeman rule to *suit limitation* clauses.  See id. at 1316; see also Caln, 75 F. Supp. 2d at 410.

**IV.     Conclusion**

For the reasons set forth above, the motion to dismiss will be granted. An appropriate order will issue.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      November 20, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAPA TRANSPORTATION, INC.,** | : | **CIVIL ACTION NO. 1:06-CV-1866** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **TRAVELERS PROPERTY CASUALTY,** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 20th day of November, 2006, upon consideration of the motion to dismiss (Doc. 3), and the motion for oral argument (Doc. 8), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 3) is GRANTED.

2. The complaint (Doc. 1, Ex. 5) is DISMISSED.

3. Leave to amend is DENIED as futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4. The motion for oral argument (Doc. 8) is DENIED.

5. The Clerk of Court is directed to CLOSE this case.

                                                                        S/ Christopher C. Conner  
                                                                        CHRISTOPHER C. CONNER  
                                                                         United States District Judge